GAJEWSKI v AUTO-OWNERS INSURANCE COMPANY

Docket No. 52220. Submitted October 13, 1981, at Detroit.—Decided December 16, 1981. Leave to appeal applied for.

Michael Gajewski brought an action against Auto-Owners Insurance Company seeking no-fault benefits for injuries which he sustained when an explosive device, which was attached to the ignition of his motor vehicle by persons unknown, detonated as he turned on the ignition switch. The plaintiff subsequently moved for summary judgment, which motion was granted, Wayne Circuit Court, Charles Kaufman, J. The defendant appeals. *Held:*

1. The trial court erred in granting the plaintiff's motion. The plaintiff failed to demonstrate a sufficient causal connection between his use of the motor vehicle and the injuries which he sustained. The injury was not clearly foreseeably identifiable with the normal use, maintenance, or ownership of the vehicle.

2. Summary judgment is entered in favor of the defendant.

Reversed.

CYNAR, J., dissented. He would hold that a direct causal relationship between the use of the motor vehicle and the plaintiff's injuries was established because the turning of an ignition key is identifiable with the normal use of the vehicle. He would affirm.

OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES.

A no-fault insurer is liable to pay benefits for accidental bodily injury arising out of and which is foreseeably identifiable with the normal ownership, operation, maintenance, or use of a motor vehicle where the injured person establishes a causal connection which is more than incidental, fortuitous, or "but

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 7 Am Jur 2d, Automobile Insurance § 351.
   Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

[2, 3] 7 Am Jur 2d, Automobile Insurance § 203.

for" between the use of a motor vehicle and the injury (MCL 500.3105[1]; MSA 24.13105[1]).

2. Insurance — No-Fault Insurance — Automobiles — Explosives.

A person who incurs bodily injury as a result of the detonation of an explosive device attached to the ignition mechanism by persons unknown by the turning of the ignition key in a motor vehicle does not demonstrate a sufficient causal relationship between the use of the motor vehicle and the injuries sustained so as to be entitled to no-fault benefits; such injury is not clearly foreseeably identifiable with the normal use, maintenance, or ownership of the vehicle.

Dissent by Cynar, J.

3. Insurance — No-Fault Insurance — Automobiles — Explosives.

The turning of an ignition key in a motor vehicle is foreseeably identifiable with the use of the vehicle so as to provide a direct causal relationship between the use of the vehicle and injuries sustained as a result of the detonation of an explosive device attached to the ignition mechanism by persons unknown, entitling an insured so injured to no-fault benefits.

*Rowe, Talon & Jones, P.C.,* for plaintiff.

*Joselyn, Rowe, Jamieson, Grinnan, Callahan & Hayes, P.C.,* for defendant.

Before: N. J. Kaufman, P.J., and J. H. Gillis and Cynar, JJ.

Per Curiam. Defendant appeals as of right from the trial court's order granting summary judgment in favor of plaintiff. On July 18, 1976, when plaintiff got into his vehicle and turned the ignition key, an explosive device which had been attached to the ignition mechanism by persons unknown was detonated, severely injuring plaintiff. The trial court concluded that plaintiff's injury occurred as a result of his operation of the vehicle and that he

therefore was entitled to benefits as a matter of law pursuant to § 3105 of the no-fault act.

MCL 500.3105(1); MSA 24.13105(1) provides:

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle * * *."

Cases construing the phrase "arising out of the * * * use of a motor vehicle" uniformly require that the injured person establish a causal connection between the use of the motor vehicle and the injury. *Detroit Automobile Inter-Ins Exchange v Higginbotham,* 95 Mich App 213, 222; 290 NW2d 414 (1980), *lv den* 409 Mich 919 (1980). Such causal connection must be more than incidental, fortuitous, or "but for". The injury must be foreseeably identifiable with the normal use, maintenance, and ownership of the vehicle. *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975). While the statute does not necessitate a finding that the injury was caused directly and proximately by the use of the vehicle, causation cannot be extended to something distinctly remote. The sufficiency of the causal connection depends on the facts of each case. *Williams v Citizens Mutual Ins Co of America,* 94 Mich App 762, 764-765; 290 NW2d 76 (1980).

These principles have been applied by several panels of this Court to deny recovery of no-fault benefits to the victim of an assault which occurred in or near an automobile. See *A & G Associates, Inc v Michigan Mutual Ins Co,* 110 Mich App 293; 314 NW2d 799 (1981), *Higginbotham, supra, Hamka v Automobile Club of Michigan,* 89 Mich App 644; 280 NW2d 512 (1979), *O'Key v State Farm Mutual*

*Automobile Ins Co,* 89 Mich App 526; 280 NW2d
583 (1979), and *Kangas, supra.*

We believe that there was an insufficient causal
relationship between plaintiff's use of the vehicle
and his injuries. The fact that the explosive device
was set in plaintiff's vehicle rather than some
other location was a mere fortuity. Even though
plaintiff's act of turning the ignition key detonated
the explosion, the explosive device, rather than the
automobile, was the true instrumentality of the
injury. The injury clearly was not foreseeably
identifiable with the normal use, maintenance, and
ownership of the vehicle. *Kangas, supra, Higgin-
botham, supra.*

The order of summary judgment in favor of
plaintiff is reversed, and summary judgment is
entered in favor of defendant.

Reversed.


CYNAR, J. *(dissenting).* I agree with the trial
court that there was a sufficient causal relation-
ship between plaintiff's use of the vehicle and his
injuries. This case is distinguishable from the
cases in which benefits were denied because the
plaintiff's presence in the vehicle at the time of
the injury was a mere fortuity. See, *e.g., Detroit
Automobile Inter-Ins Exchange v Higginbotham,*
95 Mich App 213; 290 NW2d 414 (1980) (the in-
sured's husband forced her to the curb, trapped
her in her car, and shot her several times with a
revolver), *Kangas v Aetna Casualty & Surety Co,*
64 Mich App 1; 235 NW2d 42 (1975) (passengers of
the insured's vehicle assaulted a pedestrian),
*O'Key v State Farm Mutual Automobile Ins Co,* 89
Mich App 526; 280 NW2d 583 (1979) (the insured
was shot by an assailant while she was sitting in
her vehicle). In these cases, the injury could have

resulted whether the plaintiff was using the vehicle or not. The vehicle was more than merely the site of the injury. Under the facts in this case, turning the ignition key must be identified with the normal manner of starting a vehicle. There was a direct causal relationship between the use of the motor vehicle and plaintiff's injuries.

I would affirm.