CHEATUM v HARTFORD ACCIDENT AND INDEMNITY
COMPANY

Docket Nos. 58604, 58781. Submitted October 6, 1982, at Detroit.—
Decided December 7, 1982.

Ronald Cheatum was struck by an automobile while he was
riding a bicycle in Detroit. The automobile was registered in
Ohio, insured by Hartford Accident and Indemnity Company,
and had been stolen by the person driving the car when
Cheatum was injured. Cheatum, who neither had no-fault
insurance coverage nor lived with anyone who did, filed a claim
with Hartford seeking wage-loss and medical expense benefits.
Hartford denied the claim, whereupon Cheatum filed suit
against Hartford in Wayne Circuit Court. Farmers Insurance
Group, which was assigned plaintiff's claim by the Assigned
Claims Facility, was added as a defendant. All three parties
filed motions for summary judgment. All three motions were
denied, Victor J. Baum, J. Plaintiff and Farmers appealed by
leave granted the trial court's denial of their motions. Hartford
cross-appealed the denial of its motion. *Held:*

The trial court should have granted summary judgment in
favor of Hartford against plaintiff and in favor of plaintiff
against Farmers. The no-fault automobile insurance act im-
poses liability on an out-of-state resident's insurer when the
accident arises out of the ownership, operation, maintenance or
use of the automobile by a person insured by the out-of-state
insurer. The driver of the vehicle which struck plaintiff was not
insured by Hartford. Liability therefore falls on Farmers.

Affirmed in part, reversed in part.

1. INSURANCE — NO-FAULT INSURANCE — OUT-OF-STATE INSURERS.

The no-fault automobile insurance act imposes liability on an out-
of-state resident's insurer when a motor vehicle accident arises
out of the ownership, operation, maintenance or use of the out-

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 350, 353.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.
[2] 7 Am Jur 2d, Automobile Insurance §§ 141, 356.

of-state resident's motor vehicle by a person insured by the out-of-state insurer (MCL 500.3163; MSA 24.13163).

2. Insurance — No-Fault Insurance — Stolen Vehicles.

The use of an automobile by a thief of that vehicle cannot be considered to be identifiable with the normal ownership of the vehicle by the insured for purposes of the no-fault automobile insurance act.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *George T. Fishback*), for plaintiff.

*Sullivan, Ward & Bone, P.C.* (by *Kevin J. Gleeson*), for Hartford Accident and Indemnity Company.

*Siemion, Huckabay, Bodary & Padilla* (by *Gerald V. Padilla*), for Farmers Insurance Group.

Before: Danhof, C.J., and N. J. Kaufman and D. C. Riley, JJ.

Danhof, C.J. Plaintiff and defendant Farmers Insurance Group appeal by leave granted from an order of the trial court denying their motions for summary judgment. Defendant Hartford Accident and Indemnity Company has filed a cross-appeal from the court's order denying its motion for summary judgment.

The facts out of which this dispute arose are not contested. On August 21, 1978, Michael Kerko, an Ohio resident, was murdered in Euclid, Ohio. The killer stole Kerko's automobile and drove it to Detroit where he struck plaintiff, who was riding a bicycle. The automobile was registered in Ohio and insured by Hartford. At the time of the accident, neither plaintiff, nor any person with whom he resided, maintained no-fault automobile insurance. Therefore, plaintiff filed a claim with Hartford seeking wage loss and medical expense benefits.

After Hartford denied the claim, plaintiff commenced this action. Plaintiff also joined Farmers as a defendant. Farmers was assigned plaintiff's claim by the Assigned Claims Facility pursuant to MCL 500.3171; MSA 24.13171.

MCL 500.3105; MSA 24.13105 provides in part the following:

"Sec. 3105. (1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter.

"(2) Personal protection insurance benefits are due under this chapter without regard to fault."

MCL 500.3114(5); MSA 24.13114(5) provides:

"(5) A person suffering accidental bodily injury arising from a motor vehicle accident which shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the motor vehicle involved in the accident.

(b) The insurer of the operator of the motor vehicle involved in the accident.

(c) The motor vehicle insurer of the operator of the motorcycle involved in the accident.

(d) The motor vehicle insurer of the owner or registrant of the motorcycle involved in the accident."

Plaintiff and Farmers claim that because Hartford was the insurer of the owner of the automobile it was required to pay benefits irrespective of the fact that the owner of the vehicle was an out-of-state resident. They claim that once an insurer files a written certification in this state, as re-

quired by MCL 500.3163(1); MSA 24.13163(1), it is subject to the same requirements as are insurers when the vehicle involved in the accident is owned, operated, maintained or used by a resident. They claim that if the insured vehicle had been stolen from a Michigan resident and struck plaintiff, plaintiff would have been entitled to benefits from the in-state insurer. Therefore, they contend that Hartford is equally liable.

We find it unnecessary to determine whether the no-fault insurer of a Michigan resident would be required to pay benefits where a vehicle owned by its insured is stolen and involved in an accident. Liability of an insurer of a resident under § 3105 is not coextensive with the liability of an insurer of an out-of-state resident. *Mills v Auto-Owners Ins, Inc,* 413 Mich 567; 321 NW2d 651 (1982); *Guibord v Farmers Ins Exchange,* 110 Mich App 218; 312 NW2d 219 (1981). The liability of an insurer of an out-of-state resident is governed by MCL 500.3163; MSA 24.13163:

"Sec. 3163. (1) An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, shall be subject to the personal and property protection insurance system set forth in this act."

This section only permits the imposition of liability on the out-of-state resident's insurer when the accident arises out of the ownership, operation, maintenance or use of the motor vehicle by a person "insured" by the out-of-state insurer. The

policy issued to Kerko defined those insured to include:

"The following are insureds under Section 1:

(a) With respect to the owned automobile,

"(1) the named insured and any resident of the same household,

"(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and

"(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a)(1) or (2) above."

It is apparent from the foregoing that the person who stole Kerko's automobile was not an insured under the policy. Furthermore, it is clear that the persons who were insured were not involved in the operation, maintenance or use of the vehicle at the time of the accident. Therefore, liability may be imposed only if it can be said that the accident arose out of Kerko's ownership of the vehicle.

We conclude that the use of an automobile by a thief of that vehicle cannot be considered to be identifiable with the "normal" ownership of the vehicle by the insured. Therefore, an insufficient causal connection exists between the use involved here and Kerko's ownership to impose liability on Hartford. *Gajewski v Auto-Owners Ins Co,* 112 Mich App 59, 61; 314 NW2d 799 (1981); *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975). The trial court should have granted summary judgment in favor of Hartford against plaintiff and in favor of plaintiff against Farmers.

Affirmed in part, reversed in part. The matter is remanded for the entry of an order consistent with this opinion. No costs, interpretation of a statute being involved.