ARRIGO'S FLEET SERVICE, INC v STATE OF MICHIGAN

Docket No. 64055. Submitted March 1, 1983, at Grand Rapids.—
Decided May 17, 1983.

Arrigo's Fleet Service, Inc., a semitrailer servicing and repairing business, brought an action against the State of Michigan in Kent Circuit Court seeking declaratory and injunctive relief from regulation under the Michigan Motor Vehicle Service and Repair Act and for reimbursement of registration and renewal fees paid to the state under the act. The trial court, Roman J. Snow, J., ruled in favor of defendant and denied all requested relief. Plaintiff appeals. *Held:*

The trial court erred in ruling that the Michigan Motor Vehicle Service and Repair Act regulates a business involved in the servicing and repair of semitrailers. A semitrailer is not a motor vehicle as that term is defined in the act, and the act regulates only motor vehicle repair facilities.

Reversed and remanded.

1. STATE — TRADE REGULATION — MOTOR VEHICLE SERVICE AND REPAIR ACT — SEMITRAILERS.

A semitrailer is not a motor vehicle as that term is defined in the Michigan Motor Vehicle Service and Repair Act; therefore, a business which services and repairs semitrailers exclusively is not a motor vehicle repair facility regulated by the act (MCL 257.1301 *et seq.;* MSA 9.1720[1] *et seq.).*

2. STATUTES — JUDICIAL CONSTRUCTION.

One of the most fundamental rules of statutory construction is that the Legislature must be presumed to have intended the plain meaning of the words used in the statute and that, when the meaning of the words used is clear and unambiguous, judicial construction or interpretation which changes that meaning is not permitted.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 194 *et seq.*
[2, 3] 73 Am Jur 2d, Statutes § 197.

3. STATUTES — DEFINITION OF TERMS.
    The courts, when interpreting statutes, are bound by definitions
    of terms as set forth in those statutes by the Legislature.

*Tolley, Fisher & Verwys, P.C.* (by *William J. Fisher* and *Michael C. Walton),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Ronald J. Styka,* Assistant Attorney General, for defendant.

Before: D. E. HOLBROOK, JR., P.J., and D. F. WALSH and J. C. KINGSLEY,* JJ.

D. F. WALSH, J. Plaintiff, Arrigo's Fleet Service, Inc., is a Michigan corporation involved in the business of servicing and repairing semitrailers. Plaintiff brought this action for declaratory and injunctive relief from regulation under the Michigan Motor Vehicle Service and Repair Act, MCL 257.1301 *et seq.;* MSA 9.1720(1) *et seq.* (hereinafter the act), and for reimbursement of registration and renewal fees paid to the State of Michigan under the act. The case was submitted to the trial court on briefs and on stipulated facts. The trial court found in favor of the defendant and denied all requested relief. Plaintiff appeals, claiming that the trial court erred in ruling that the act regulates a business involved in the servicing and repair of semitrailers. We agree and reverse.

There is no ambiguity in the language of the statute. There is no question about the meaning of the words used by the Legislature or what the statute says. The act regulates motor vehicle repair facilities which are defined as businesses performing "maintenance, diagnosis or repair service on a *motor vehicle* for compensation". MCL 257.1302(g); MSA 9.1720(2)(g). (Emphasis supplied.)

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff repairs semitrailers exclusively. Plaintiff's business is regulated, therefore, only if a semitrailer is a "motor vehicle" as that term is defined in the act.

The definition of "motor vehicle" includes a "trailer" as that term is defined in the Michigan Vehicle Code, MCL 257.1 *et seq.;* MSA 9.1801 *et seq.* By stipulation of the parties for purposes of this litigation and by statutory definition a "semitrailer" is a "vehicle * * * so constructed that *some part of its weight and that of its load rests upon or is carried by another vehicle".* MCL 257.59; MSA 9.1859. (Emphasis supplied.) The Michigan Vehicle Code, however, explicitly defines a "trailer" as a "vehicle * * * so constructed that *no part of its weight rests upon the towing vehicle".* MCL 257.73; MSA 9.1873. (Emphasis supplied.)

Under the plain wording of the Motor Vehicle Service and Repair Act, therefore, a semitrailer is not a motor vehicle and a business which services and repairs semitrailers exclusively is not a motor vehicle repair facility regulated by the act.

It is perhaps the most fundamental rule of statutory construction that the Legislature must be presumed to have intended the plain meaning of the words used in the statute and that when the meaning of the words used is clear and unambiguous, judicial construction or interpretation which changes that meaning is not permitted. *MacQueen v Port Huron City Comm,* 194 Mich 328, 342; 160 NW 627 (1916). Moreover, when the Legislature defines a term used in the statute, the Court must accept the statutory definition. *Erlandson v Genesee County Employees' Retirement Comm,* 337 Mich 195, 204; 59 NW2d 389 (1953).

It may be very likely that the Legislature would

have defined "motor vehicle" differently so as to include semitrailers, if it had been brought to its attention that semitrailers were not included in the definition of a "trailer" in the Michigan Vehicle Code. If that is true, the Legislature has the power to amend. This Court does not. We must accept the legislation as presently written even though we may be convinced that, were it not for an oversight, it would have been written differently.

Reversed and remanded for proceedings consistent with this opinion.