TRANSPORT INSURANCE COMPANY v HOME INSURANCE
COMPANY

Docket No. 68352. Submitted March 19, 1984, at Detroit.—Decided
May 15, 1984.

Jack Ledford, a Tennessee resident, suffered personal injuries in
an automobile accident in Michigan. At the time, Ledford was
operating a semi-tractor and trailer owned by him and leased
on a regular or permanent basis to Mason-Dixon Lines, Inc.,
which employed him as a driver. At the time of the accident,
Mason-Dixon had "trip-leased" Ledford's rig to Admiral Mer-
chants Motor Freight which possessed an Interstate Commerce
Commission permit to haul freight on Michigan roads. Led-
ford's rig was never registered to Admiral nor was it registerd
to operate in Michigan. Mason-Dixon had insured Ledford's rig
with Transport Insurance Company under a policy issued in a
foreign state which included basic automobile liability, did not
provide for personal injury protection benefits and expressly
excluded coverage under the policy if the vehicle were used for
business purposes. Ledford's rig was being used for business
purposes at the time of the accident. Ledford claimed personal
injury protection benefits from Transport under Michigan's no-
fault statute. Transport denied Ledford's claim and Ledford
instituted what was the original action in this lawsuit in the
Wayne Circuit Court naming Transport, Mason-Dixon, and
Admiral as defendants. Transport denied liability and Ledford
filed a motion for partial summary judgment against Transport
on the ground that Transport was certified under § 3163 of the
no-fault act to issue insurance within the State of Michigan.
The court concluded that § 3163 obligated Transport to provide
personal and property protection benefits to nonresidents in-

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 206.
[2] 7 Am Jur 2d, Automobile Insurance § 3.
    43 Am Jur 2d, Insurance § 19.
[3, 4] 7 Am Jur 2d, Automobile Insurance §§ 350, 352.
    Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.
[5] 7 Am Jur 2d, Automobile Insurance § 354.

volved in accidents in Michigan and insured under a Transport automobile liability policy. Following the entry of the trial court's order of summary judgment against Transport, Transport filed a third-party action against Admiral's insurance carriers, Home Insurance Company and Protective Insurance Company, claiming that they were liable for Ledford's benefits. Third-party plaintiff, Transport, and third-party defendants, Home Insurance and Protective Insurance, all moved for summary judgment. The trial court, Charles S. Farmer, J., granted the third-party defendants' motions and ordered that Transport is the insurance carrier liable for Ledford's benefits and that Transport is not entitled to recoupment from the third-party defendants for the payment of such benefits. A judgment was entered accordingly. Transport appeals. *Held:*

1. The only conditions of carrier liability imposed under § 3163 are: (1) certification of the carrier in Michigan, (2) existence of an automobile liability policy between the nonresident and the certified carrier, and (3) a sufficient causal relationship between the nonresident's injuries and his or her ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. There was no error in the trial court's reliance on § 3163, inasmuch as the undisputed facts reveal that these three conditions of liability have been met.

2. Under § 3163, the motor vehicle used by the nonresident as a motor vehicle need not be a "covered" motor vehicle absent specific statutory language to that effect.

3. Even assuming an employer-employee relationship between Admiral and Ledford, § 3114(3) of the no-fault act is not applicable to the facts of this case. Ledford's rig was neither owned nor registered by Admiral at the time of the accident. Since § 3114(3) applies only to motor vehicles owned or registered by the employer, neither Home Insurance Company nor Protective Insurance Company is liable under that priority provision on personal injury protection benefits.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

A statute must be construed according to the plain and ordinary meaning of its words; courts will look to other factors in attempting to ascertain the purpose behind the legislation only where the language of a statute is ambiguous.

2. INSURANCE — STATUTES — JUDICIAL CONSTRUCTION.

Insurance laws are to be liberally construed in favor of the public and the policyholders.

3. INSURANCE — CERTIFICATION OF INSURERS — NONRESIDENT IN-
SUREDS — COVERED MOTOR VEHICLES.

The only conditions of insurance carrier liability to a nonresident
imposed pursuant to the no-fault insurance provision regarding
certification of an insurer are: (1) certification of the carrier in
Michigan, (2) existence of an automobile liability policy be-
tween the nonresident and the certified carrier, and (3) a
sufficient causal relationship between the nonresident's injuries
and his ownership, operation, maintenance, or use of a motor
vehicle as a motor vehicle; the motor vehicle owned, operated,
maintained, or used by the nonresident as a motor vehicle need
not be one that is a "covered" motor vehicle under the terms of
a foreign insurance policy (MCL 500.3163; MSA 24.13163).

4. INSURANCE — NO-FAULT INSURANCE — RESIDENTS — NONRESI-
DENTS.

Nonresident insurance coverage under Michigan's no-fault insur-
ance act is not coextensive with resident coverage.

5. INSURANCE — NO-FAULT INSURANCE — EMPLOYER-EMPLOYEE PRIOR-
ITY — PERSONAL INJURY PROTECTION BENEFITS.

The employer-employee priority provisions regarding the pay-
ment of personal injury protection insurance benefits contained
in the no-fault insurance act apply only to motor vehicles
owned or registered by the employer (MCL 500.3114[3]; MSA
24.13114[3]).

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Mary Catherine Rentz* and *Larry Mason),* for Transport Insurance Company.

*Young & Heckman* (by *Timothy Young),* for Home Insurance Company.

*Donald J. Morbach & Associates, P.C.* (by *Richard G. Brewer),* for Protective Insurance Company.

Before: M. J. KELLY, P.J., and BEASLEY and J. N. O'BRIEN,* JJ.

PER CURIAM. This case involves three insurance carriers disputing liability for personal injury pro-

* Circuit judge, sitting on the Court of Appeals by assignment.

tection (PIP) benefits to Jack Ledford, an injured motor vehicle driver. At issue is the coverage to be provided under Michigan's no-fault scheme to non-resident motorists injured in Michigan while insured under a policy issued in a foreign state.

### Facts and Procedural History

On December 6, 1978, Jack Ledford, a Tennessee resident, suffered personal injuries when he was involved in a motor vehicle accident in Monroe County, Michigan. At the time, Ledford was operating a semi-tractor and trailer owned by him and leased on a regular or permanent basis to Mason-Dixon Lines, Inc., which employed him as the driver. Mason-Dixon was not authorized by the Interstate Commerce Commission to operate in Michigan. In order to complete a delivery of merchandise to Detroit, Mason-Dixon "trip-leased" Ledford's rig to Admiral Merchants Motor Freight, which possessed an I.C.C. permit to haul freight on Michigan roads. Ledford's rig was never registered to Admiral nor was it registered to operate in Michigan. We note that because the vehicle was in Michigan for less than 30 days, Ledford was not required to maintain no-fault insurance. MCL 500.3102(1); MSA 24.13102(1).

Mason-Dixon had insured Ledford's rig with third-party plaintiff, Transport Insurance Company, under a policy which included basic automobile liability. Transport's policy did not provide for PIP benefits and expressly excluded coverage under the policy if the vehicle were used for business purposes. There is no dispute but that Ledford's rig was being used for business purposes at the time of the accident. Nevertheless, Ledford claimed PIP benefits from Transport under Michi-

gan's no-fault statute. Transport denied Ledford's claim and Ledford instituted what was the original action in this lawsuit naming Transport, Mason-Dixon, and Admiral as defendants. Transport denied liability on the ground that its policy to Mason-Dixon expressly excluded coverage for injuries sustained while using the insured vehicle for any business purpose. Because it was undisputed that at the time of the accident Ledford's rig was being used for business purposes, Transport asserted that it was not Ledford's insurer under Michigan's no-fault insurance scheme.

Ledford filed a motion for partial summary judgment against Transport, which the trial court granted, on the ground that Transport was certified under MCL 500.3163; MSA 24.13163 to issue automobile liability insurance and personal and property protection insurance within the State of Michigan. The court concluded that § 3163 obligated Transport to provide personal and property protection benefits to nonresidents involved in accidents in Michigan and insured under a Transport automobile liability policy.

Following entry of the trial court's order of summary judgment against Transport, Transport filed a third-party action against Admiral's insurance carriers claiming that they were liable for Ledford's PIP benefits. Home Insurance Company insured all vehicles owned or hired by Admiral and Protective Insurance Company provided excess coverage. Transport, Home, and Protective entered into a stipulation of facts and all three moved for summary judgment. The trial court granted third-party defendants' motions, reaffirming its earlier conclusion that Transport was liable for Ledford's PIP benefits under § 3163. Transport appeals as of right.

DISCUSSION

Transport first contends that the trial court erred as a matter of law in applying MCL 500.3163; MSA 24.13163 to the undisputed facts of this case. Section 3163 of the no-fault act provides:

"(1) An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle by an out-of-state resident *who is insured under its automobile liability insurance policies,* shall be subject to the personal and property protection insurance system set forth in this act.

* * *

"(3) When a certification filed under subsections (1) or (2) applies to accidental bodily injury or property damage, the insurer and its insureds with respect to that injury or damage have the rights and immunities under this act for personal and property protection insureds, and claimants have the rights and benefits of personal and property protection insurance claimants, including the right to receive benefits from the electing insurer as if it were an insurer of personal and property protection insurance applicable to the accidental bodily injury or property damage." (Emphasis added.)

Transport argues that Ledford was not "insured under its automobile liability insurance policies" because the particular policy issued to Ledford and Mason-Dixon specifically excluded coverage if Ledford's rig were involved in an accident while being used for business purposes. We do not agree.

Section 3163 requires that the nonresident be insured with the certified carrier "under its automobile liability insurance policies". There is no dispute in this case but that Transport is certified

to sell no-fault insurance in Michigan and that Ledford is insured under a Transport automobile liability policy. Transport seeks to have us construe § 3163 as additionally requiring that the motor vehicle involved in the accident and owned, operated, maintained, or used as a motor vehicle by the nonresident be covered under the terms of the foreign policy.

Under general principles of statutory construction, we must construe a statute according to the plain and ordinary meaning of its words. *Arrigo's Fleet Service, Inc v Michigan,* 125 Mich App 790, 792; 337 NW2d 26 (1983). Only if the language is ambiguous do we look to other factors in attempting to ascertain the purpose behind the legislation. A liberal construction in favor of the public and the policyholders is preferred where the statute involved is an insurance law. *Michigan Life Ins Co v Comm'r of Ins,* 120 Mich App 552, 558; 328 NW2d 82 (1982), *lv den* 417 Mich 1077 (1983).

Our reading of § 3163 according to the plain and ordinary meaning of its words does not persuade us that the motor vehicle owned, operated, maintained, or used by the nonresident must also be one that is covered under the terms of the foreign policy. In our view, the only conditions of carrier liability imposed under § 3163 are: (1) certification of the carrier in Michigan, (2) existence of an automobile liability policy between the nonresident and the certified carrier, and (3) a sufficient causal relationship between the nonresident's injuries and his or her ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. Inasmuch as the undisputed facts of this case reveal that these three conditions of liability have been met, we find no error in the trial court's reliance on § 3163.

While the issue presented here is a first impression question in Michigan, we believe that our construction of § 3163 is indirectly supported by the Supreme Court's decision in *Lee v Detroit Automobile Inter-Ins Exchange* 412 Mich 505; 315 NW2d 413 (1982). In *Lee,* plaintiff was a Michigan resident who sought to collect PIP benefits from the no-fault insurer of his personal motor vehicle for injuries sustained while, in the course of his employment, he was unloading mail from a motor vehicle owned by the federal government. Both this Court and the trial court held that because vehicles owned by the United States were not subject to registration under MCL 500.3101(1); MSA 24.13101(1), injuries arising out of the ownership, operation, maintenance, or use of those vehicles were not intended to be covered under the no-fault scheme.

The Supreme Court reversed. After noting that the underlying policy of Michigan's no-fault scheme is to insure persons and not motor vehicles, the Court considered the insurer's liability under MCL 500.3105; MSA 24.13105, which defines the scope of PIP benefits provided under the act, and held that:

"It is noteworthy that the section declares that entitlement to benefits depends, in part, upon 'use of a motor vehicle as a motor vehicle'. There is no language qualifying the right to benefits or the insurer's duty to pay them with a requirement that such motor vehicle be a 'registered', 'insured', or 'covered' motor vehicle as indeed might easily have been done had the Legislature so intended. The requirement is merely that the vehicle involved be a 'motor vehicle' used, maintained, operated or owned 'as a motor vehicle'.

"We are not left to speculate about whether the Legislature intended the expression 'motor vehicle' to mean a covered or registered or insured motor vehicle

when it used those words as an expression of art throughout the statute. The meaning of that expression is explicitly set down in the definitional section of the act, § 3101(2), in which, in subsection (c) the Legislature declared:

" ' "Motor vehicle" means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels. Motor vehicle does not include a motorcycle or a moped as defined in section 32b of Act No. 300 of the Public Acts of 1949.' 1980 PA 445.

"Conspicuously absent is any language limiting 'motor vehicle' to one required to be registered in the state or for which no-fault security must be maintained." 412 Mich 512-513. (Footnote omitted.)

While we recognize that nonresident coverage under no-fault is not coextensive with resident coverage, *Mills v Auto-Owners Ins, Inc,* 413 Mich 567; 321 NW2d 651 (1982); *Cheatum v Hartford Accident & Indemnity Co,* 121 Mich App 761, 764; 329 NW2d 481 (1982), we also believe that Michigan appellate courts should not inject the term "covered" into a provision of the no-fault act which refers simply to motor vehicle. We conclude that under § 3163, the motor vehicle used by the nonresident as a motor vehicle need not be a "covered" motor vehicle absent specific statutory language to that effect. See, also, *Cheatum, supra,* and *Guibord v Farmers Ins Exchange,* 110 Mich App 218, 227; 312 NW2d 219 (1981), cited with approval in *Mills, supra,* where liability for nonresident PIP benefits under § 3163 is analyzed in terms of ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by a nonresident rather than according to the terms of the foreign policy.

Transport secondly argues that third-party defendants are liable for Ledford's PIP benefits un-

der the employer-employee priority provisions of MCL 500.3114(3); MSA 24.13114(3):

"An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle."

Transport contends that because the trip-lease agreement between Mason-Dixon and Admiral gave Admiral "exclusive possession and control" of Ledford's rig, Admiral was Ledford's employer at the time of the accident and its insurance carriers are therefore liable for Ledford's personal injury benefits. However, even assuming an employer-employee relationship between Admiral and Ledford, we do not believe that § 3114(3) is applicable to the facts of this case. Ledford's rig was neither owned nor registered by Admiral at the time of the accident. Since § 3114(3) applies only to motor vehicles owned or registered by the employer, neither Home nor Protective is liable under that priority provision.

Affirmed.