# STATE OF MICHIGAN

# COURT OF APPEALS

MARY FREE BED REHABILITATION
HOSPITAL, BRONSON HEALTH CARE
GROUP, INC., and YU JU CHEN,

UNPUBLISHED
December 22, 2015

Plaintiffs-Appellees,

v

No. 321328
Kent Circuit Court
LC No. 13-002433-NF

FARMERS INSURANCE GROUP OF
COMPANIES, a/k/a FARMERS GROUP, INC.,
and MID-CENTURY INSURANCE COMPANY,

Defendants,

and

ILLINOIS FARMERS INSURANCE COMPANY,

Defendant-Appellant.

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

In this no-fault action to recover personal injury protection (PIP) benefits, defendant Illinois Farmers Insurance Company appeals as of right the circuit court order granting summary disposition and judgment to plaintiffs, Mary Free Bed Rehabilitation Hospital, Bronson Health Care Group, and Yu Ju Chen. We affirm.

## I. BACKGROUND

This matter arises out of an automobile accident that occurred on March 19, 2012, in Battle Creek, Michigan. Plaintiff, Yu Ju Chen (Chen), the passenger of the automobile, was paralyzed in the accident. Chen's boyfriend, Jason Liao (Jason) was the operator of the vehicle rented from Hertz. Chen filed suit against defendant as the insurer of Jason. Both Chen and Jason were Illinois residents traveling through Michigan from Chicago, Illinois to Ontario, Canada. Chen filed suit in Michigan against defendant alleging that it owed her PIP benefits because it was Jason's insurer.

-1-

Plaintiffs and defendant filed for summary disposition under MCR 2.116(C)(10). Defendant's motion for summary disposition argued that under MCL 500.3113(c), Chen was not its insured and was not entitled to PIP benefits. Defendant argued in the alternative that if it was found responsible, defendant's losses should be capped at $500,000 under MCL 500.3163(4). Plaintiffs' motion for summary disposition argued that MCL 500.3113(c) should be read in harmony with MCL 500.3163(3) to state that, "3163(3) grants coverage where there is an individual that is 'insured' under an out-of-state policy, and 3113(c) excludes coverage where there is no individual 'insured' under the out-of-state policy." Plaintiffs posited that because Jason was an insured through his parents Hui Ming and Yanbing Liao's policy with defendant, Chen was also insured derivatively through Jason as the driver of the vehicle. Plaintiffs argued against a benefit cap of $500,000 under MCL 500.3163(4) contending that the subsection applied to an insured and not a claimant.

The trial court denied defendant's motion, and granted in part and denied in part plaintiffs' motion. The court found that Chen was an insured under defendant's insurance policy, but also that defendant's losses were capped at $500,000.

## II. STANDARD OF REVIEW

Defendant appeals the trial court's order denying its motion for summary disposition under MCR 2.116(C)(10). We review de novo a trial court's decision on a motion for summary disposition. *Young v Sellers*, 254 Mich App 447, 449; 657 NW2d 555 (2002). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Id. at 120*. Summary disposition under MCR 2.116(C)(10) is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

As part of its appeal, defendant argues that the trial court erred in its interpretation of certain statutes under the No-Fault Act, MCL 500.3101 et seq. We review de novo a trial court's interpretation of statutes and contracts. *Burkhardt v Bailey*, 260 Mich App 636, 646; 680 NW2d 453 (2004). "The primary goal of statutory construction is to ascertain and give effect to the intent of the Legislature." *Livingston Co Bd of Social Services v Dep't of Social Services*, 208 Mich App 402, 406; 529 NW2d 308 (1995). "If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). We "presume that every word of a statute has some meaning and must avoid any interpretation that would render any part of the statute surplusage or nugatory." *Mich Farm Bureau v Dep't of Environmental Quality*, 292 Mich App 106, 132; 807 NW2d 866 (2011). "As far as possible, effect should be given to every sentence, phrase, clause, and word." *Id*. "Identical terms in different provisions of the same act should be construed identically...." *Cadle Co v City of Kentwood*, 285 Mich App 240, 249; 776 NW2d 145 (2009).

Defendant also argues that the trial court erred in its interpretation of provisions of defendant's insurance contract. "Because a no-fault insurance policy is a contract, the general rules of contract interpretation apply." *Fuller v Geico Indem Co*, 309 Mich App 495, ___; ___ NW2d ___ (2015). "Any clause in an insurance policy is valid as long as it is clear, unambiguous and not in contravention of public policy." *Raska v Farm Bureau Mut Ins Co of Michigan*, 412 Mich 355, 361–362; 314 NW2d 440 (1982). "Terms contained in the no-fault act are read 'in light of its legislative history and in the context of the no-fault act as a whole.' " *Proudfoot v State Farm Mut Ins Co*, 254 Mich App 702, 708; 658 NW2d 838 (2003), vacated on other grounds 469 Mich 476 (2003) (quotation omitted).

## III. ANALYSIS

Defendant argues that it is not liable to pay PIP benefits to plaintiffs according to MCL 500.3113(c) because Chen "was not insured by an insurer that has filed a certification in compliance with section 3163." For the reasons set forth below, we disagree.

In order to be excluded from PIP benefits under MCL 500.3113(c)[1], three conditions must be true at the time of the accident: 1) the person was not a resident of Michigan; 2) the person was an occupant in a vehicle that was not registered in Michigan; and 3) the person was not insured by an insurer that has filed a 3163 certification.[2]

The parties agreed that Chen was not a resident of Michigan at the time of the accident. They also agreed that Chen was the occupant of a vehicle that was not registered in Michigan. The parties' dispute is over the third condition in MCL 500.3113(c): whether "the motor vehicle or motorcycle was not insured by an insurer that has filed a certification in compliance with section 3163." Defendant admits that it voluntarily filed a certification in compliance with MCL 500.3163(2), availing itself of Michigan's no-fault system, but denies that it is liable to pay PIP benefits to Chen arguing that it is not an insurer of Chen under its insurance policy and that the vehicle involved in the accident was not covered by its insurance policy.

MCL 500.3113(c) necessarily implicates MCL 500.3163. MCL 500.3163(1) provides that a certification can be filed in Michigan by an out-of-state insurer so that it may transact insurance in this state:

> (1) An insurer authorized to transact automobile liability insurance and personal
> and property protection insurance in this state shall file and maintain a written
> certification that any accidental bodily injury or property damage occurring in this

---

[1] MCL 500.3113 was amended, 2014 PA 489 effective January 12, 2015, to add a fourth condition, section (d) ("The person was operating a motor vehicle or motorcycle as to which he or she was named as an excluded operator as allowed under section 3009(2)").

[2] Although the statute clearly reads that the "motor vehicle" "was not insured by an insurer . . .[,]" our state has interpreted the statute to refer to persons. See *Lee v Detroit Auto Inter-Ins Exch*, 412 Mich 505, 509; 315 NW2d 413 (1982) ("[I]t is the policy of the no-fault act that persons, not motor vehicles, are insured against loss.")

state arising from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, is subject to the personal and property protection insurance system under this act.[3]

Filing a section 3163 certification provides the filer with the potential benefits of Michigan's no-fault system and makes its insurance policies more attractive to drivers who frequent the state of Michigan. *Tevis v Amex Assurance Co*, 283 Mich App 76, 82-83; 770 NW2d 16 (2009). It also "subjects the out-of-state insurer to the *entire* Michigan personal and property insurance system when any accidental bodily injury arising from an out-of-state insured's ownership or use of a motor vehicle occurs." *Id*. at 84.

MCL 500.3163(3) provides:

(3) Except as otherwise provided in subsection (4), if a certification filed under subsection (1) or (2) applies to accidental bodily injury or property damage, the insurer and its insureds with respect to that injury or damage have the rights and immunities under this act for personal and property protection insureds, and claimants have the rights and benefits of personal and property protection insurance claimants, including the right to receive benefits from the electing insurer as if it were an insurer of personal and property protection insurance applicable to the accidental bodily injury or property damage.

Upon initial read, MCL 500.3113(c) and MCL 500.3163(3) appear to be in conflict where 3113(c) entitles only an "insured by an insurer" to PIP benefits and 3163(3) entitles both an insured and "insurance claimants" to the same benefits.[4] Defendant would have us decline to afford Chen PIP benefits because she was not "insured by an insurer." It would also have this Court find that Chen's status as an insurance claimant is irrelevant to access PIP benefits. We disagree.

In interpreting MCL 500.3163 this Court has recognized that,

[t]here is no language limiting an out-of-state insurer's liability only to situations where the accidental bodily injury is sustained by its insured, nor is there any restriction on the application of the no-fault act. Instead, the above language unequivocally subjects the out-of-state insurer to the entire Michigan personal and property insurance system when *any* accidental bodily injury arising from an out-of-state insured's ownership or use of a motor vehicle occurs. [*Tevis*, 283 Mich App at 84].

---

[3] "A nonadmitted insurer may voluntarily file the certification described in subsection (1)." MCL 500.3163(2).

[4] Despite the language in MCL 500.3113(c) that focuses on whether "the motor vehicle or motorcycle was not insured," this Court has repeatedly stated, "persons rather than vehicles are insured against loss" under the no-fault act. *Perkins v Auto-Owners Ins Co*, 301 Mich App 658, 663-664; 837 NW2d 32 (2013); *Farmers Ins Exch v Farm Bureau Gen Ins Co of Michigan*, 272 Mich App 106, 109; 724 NW2d 485 (2006).

The Legislature included two classes of persons entitled to PIP benefits in MCL 500.3163: insureds and insurance claimants. Because the language in MCL 500.3163 is clear and unambiguous, judicial construction is neither required nor permitted, and we must apply the statute as written." *Id*. at 84-85.

Under Michigan's no-fault act, when the accidental bodily injury does not occur to a person named in the insurance policy, the person's spouse, or a relative, MCL 500.3114(4) applies. "MCL 500.3114(4) provides that a person who suffers bodily injury while the occupant of a motor vehicle and who has no available insurance policy of his own or in his family shall claim PIP benefits from '[t]he insurer of the owner or registrant of the vehicle occupied[ ]' or '[t]he insurer of the operator of the vehicle occupied.' " *Amerisure Ins Co v Auto-Owners Ins Co*, 262 Mich App 10, 15; 684 NW2d 391 (2004) quoting MCL 500.3114(4)(a) and (b).

The parties agree that Chen did not have any insurance of her own, nor did she have a family member under whose insurance policy she could obtain coverage. Further, they agree that Chen's accident occurred in a rental vehicle insured by its owner, The Hertz Corporation. They do not contest the fact that the rental vehicle was registered in Nebraska and was not required to be registered in Michigan. There is no evidence that The Hertz Corporation filed a certificate under MCL 500.3163 subjecting itself to the Michigan no-fault system. Accordingly, under MCL 500.3114(4)(a), Chen could not claim PIP benefits from The Hertz Corporation as "[t]he insurer of the owner or registrant of the vehicle occupied."

Defendant also argues that it is not liable for PIP benefits to Chen in this case because the vehicle occupied by Jason was a rented vehicle. This argument is unavailing. Defendant points this Court to an Endorsement Amending Definitions to Parts I and III of its insurance policy that stated rental vehicles are covered only when they are rented by named insureds. The endorsement states that "Your insured vehicle means: . . . . 4. A rental vehicle." The endorsement defines rental vehicle as:

> any private passenger car, utility car, or utility trailer having a gross vehicle weight of 12,000 pounds (lbs.) or less rented by *you* on a daily or weekly basis not to exceed 30 consecutive days, provided that this car or trailer is not owned by, furnished or available for regular use by you or a family member. [Emphasis added.]

The endorsement defines you as the named insured. It also states that the endorsement "supersedes and controls anything to the contrary. It is otherwise subject to all other terms of the policy." Defendant argues that Jason's parents were the named insureds, and that the rental vehicle in this case is not covered under the insurance policy because it was rented by Jason and not his parents.

In *Amerisure Ins Co*, *supra*, this Court specifically rejected the argument that an operator must be a named insured on a policy before he or she can be considered an "insured" under the policy for purposes of MCL 500.3114. The Court there reasoned that "[t]he statute states that the 'insurer of the operator of the vehicle occupied' is liable to pay benefits; it does not impose that requirement only in cases in which the operator is a 'named insured' under the insurer's policy." 262 Mich App at 438-439. Along the same lines, MCL 500.3114(4)(b) plainly states, "vehicle

occupied" without qualifying the type of vehicle. The fact that a rental vehicle was involved, instead of a utility vehicle for example, makes no difference under a plain reading of MCL 500.3114(4)(b). "Insurance policy provisions that conflict with statutes are invalid...." *Auto–Owners Ins Co v Martin*, 284 Mich App 427, 434; 773 NW2d 29 (2009).

This Court has also observed that "under the no-fault act[,] persons rather than vehicles are insured against loss." *Perkins v Auto-Owners Ins Co,* 301 Mich App 658, 663-664; 837 NW2d 32 (2013) (quotation and quotation marks omitted). This is also true under MCL 500.3163. "Our reading of § 3163 according to the plain and ordinary meaning of its words does not persuade us that the motor vehicle owned, operated, maintained or used by the non-resident must also be one that is covered under the terms of the foreign policy." *Transport Ins Co v Home Ins Co*, 134 Mich App 645, 651; 352 NW2d 701 (1984). Under MCL 500.3163, defendant is responsible for *any* accidental bodily injury that is due to its nonresident insured's operation of a vehicle. Defendant's policy endorsement cannot exclude coverage of an accident that its insured was involved in out-of-state merely because the vehicle involved was a rental vehicle.

Under Part I –Liability, Coverage A – Bodily Injury of defendant's policy of insurance, defendant is liable to

> pay damages for which any insured person is legally liable because of bodily injury to any person and/or property damage arising out of the ownership, maintenance of use of a private passenger car, utility car, or utility trailer.

For Part I, an insured person is defined as "You or any family member." "Damages are the cost of compensating those who suffer bodily injury or property damage resulting from an accident." "Bodily injury means injury to the body, sickness, disease or death of any person." A "Private Passenger Car means a four wheel land motor vehicle of the private passenger or station wagon type actually licensed for use upon public highways."[5] Part I of the policy provides that damages can be paid here where Jason, an "insured person," was using a "private passenger car," the Nissan Versa rental, and caused "bodily injury" to Chen, "any person."

Under Part III – Medical, Coverage E – Medical Expense Coverage, defendant agrees to "pay reasonable expenses for necessary medical services furnished within two years from the date of an accident arising from the maintenance or use of an automobile because of bodily injury sustained by an insured person." Under Part III, an insured person includes you, a family member, and "any other person while occupying:"

a. the car described in the Declarations,

b. a replacement car,

c. an additional car, or

---

[5] Recall that a rental vehicle also "means any private passenger car."

-6-

d.  a substitute car being driven by you or a family member.

Part III of the policy provides that it will only cover bodily injury sustained by an insured person while occupying a particular vehicle listed in subsections a-d above.  The definition of insured person is expanded in this part of the policy to include you, a family member, or *any other person*.  Again, "persons rather than vehicles are insured against loss."  *Perkins*, 301 Mich App at 663.  Because Chen would be "any other person" occupying the vehicle, the language in Part III does not exclude her from receiving PIP benefits for medical expense coverage.

Defendant argues now as it did below, that if it was found responsible for damages under MCL 500.3163, that those damages were limited to $500,000 in accordance with MCL 500.3163(4).  We agree.

MCL 500.3163(4) reads:

If an insurer of an out-of-state resident is required to provide benefits under subsections (1) to (3) to that out-of-state resident for accidental bodily injury for an accident in which the out-of-state resident was not an occupant of a motor vehicle registered in this state, the insurer is only liable for the amount of ultimate loss sustained up to $500,000.00. Benefits under this subsection are not recoverable to the extent that benefits covering the same loss are available from other sources, regardless of the nature or number of benefit sources available and regardless of the nature or form of the benefits.

The term "insurer" is not defined in the no-fault act.  This Court has previously defined "insurer" as " '[o]ne who agrees, by contract, to assume the risk of another's loss and to compensate for that loss.' "  *Dobbelaere v Auto-Owners Ins Co*, 275 Mich App 527, 533; 740 NW2d 503 (2007) (quotation omitted).  Defendant assumed the risk of loss for which its insured was liable because of bodily injury to any person, and, also, assumed liability for the medical expenses for any other person occupying a private passenger vehicle involved in an accident due to its insured.  Chen was an out of state resident occupant of a private passenger vehicle.  The limit of defendant's liability for Chen's claims was limited to $500,000 under MCL 500.3163(4).

Plaintiff argues that under MCL 500.3142 a penalty interest should be applied to the PIP benefits overdue.  We agree.  MCL 500.3142(2) provides that "[p]ersonal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained."  "An overdue payment bears simple interest at the rate of 12% per annum."  MCL 500.3142(3).

The purpose of MCL 500.3142 "is to promptly and adequately compensate persons who were injured in a motor vehicle mishap."  *Nash v Detroit Auto Inter-Insurance Exchange*, 120 Mich App 568, 572; 327 NW2d 521 (1982).  "The 12 percent interest provision is intended to penalize the recalcitrant insurer rather than compensate the claimant."  *Attard v Citizens Ins Co of America*, 237 Mich App 311, 320; 602 NW2d 633 (1999) (quotation omitted).  A carrier who rejects a claim does so at its own risk.  *Nash*, 120 Mich App at 572.  "To recover interest, a plaintiff is not required to prove that the defendant acted arbitrarily or unreasonably delayed in payment of benefits."  *Regents of University of Michigan v State Farm Mut Ins Co*, 250 Mich

App 719, 735; 650 NW2d 129 (2002). MCL 500.3142 "only requires that the insured present the insurer with reasonable proof of loss. If the insurer does not pay the claim within 30 days after receiving this proof, it becomes liable for interest." *Fortier v Aetna Casualty & Surety Co*, 131 Mich App 784, 793; 346 NW2d 874 (1984).

Plaintiffs submitted a March 14, 2013 letter to the trial court from Chen's attorney to defendant documenting Chen's proof of loss. The letter listed each medical provider, the amount due to that provider, the exact dates of stay and the charges per date. The letter also referenced an attached complete set of Chen's medical records from the providers listed. Defendant denied Chen's claim of loss by letter dated March 14, 2013, citing MCL 500.3114.

Defendant does not dispute the reasonableness or accuracy of plaintiffs' proof of loss. Accordingly, the amount of loss became overdue and began to accrue interest 30 days from March 14, 2013, which was April 14, 2013. We agree that, because the benefits to be paid in this case were limited to $500,000, the 12% per annum interest should be calculated on that amount and not the $691,901.55 amount originally submitted with plaintiffs' proof of loss.

Affirmed.

/s/ Cynthia Diane Stephens