SAFECO INSURANCE COMPANY v ECONOMY FIRE &
CASUALTY COMPANY

Docket No. 114848. Submitted January 4, 1990, at Grand Rapids.
Decided March 6, 1990. Leave to appeal applied for.

Mary Baker, a resident of Indiana, sustained injuries in an
automobile accident in Michigan while an occupant of another
Indiana resident's automobile. Baker was the named policy-
holder of an automobile policy issued in Indiana by Economy
Fire & Casualty Company and the owner of the automobile was
insured under an automobile policy issued in Indiana by Safeco
Insurance Company. Both insurers, pursuant to § 3163 of the
Michigan no-fault act, MCL 500.3163; MSA 24.13163, filed and
maintained a written certification that any accidental bodily
injury or property damage occurring in Michigan arising from
the ownership, operation, maintenance or use of a motor vehi-
cle as a motor vehicle by a non-Michigan resident who is
insured under their automobile liability insurance policies shall
be subject to the personal and property protection insurance
system set forth in the no-fault act. Safeco paid personal
protection insurance benefits to Baker and later brought an
action in the Kent Circuit Court against Economy. Claiming
that defendant is first in priority of liability under the provi-
sions of the no-fault act, plaintiff sought reimbursement for the
benefits it paid and a declaration that defendant shall be
responsible for payment of any additional no-fault benefits to
Baker. Defendant moved for summary disposition, contending
that, when it unilaterally and voluntarily withdrew its authori-
zation to issue automobile insurance policies in Michigan on a
date prior to Baker's accident, its certification also terminated.
The court, Woodrow A. Yared, J., granted the motion. Plaintiff
appealed.

The Court of Appeals *held:*

Section 3163 makes no reference to or provision for auto-
matic termination of certification in the event authorization to

References
Am Jur 2d, Automobile Insurance §§ 350, 353.
See the Index to Annotations under Foreign Corporations; No-Fault
Insurance.

issue automobile insurance policies in Michigan is withdrawn. The only conditions for an insurer's liability under § 3163 are: (1) certification of the carrier in Michigan; (2) existence of an automobile liability policy between the nonresident and the certified carrier; and (3) a sufficient causal relationship between the nonresident's injuries and his ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle.

Reversed.

INSURANCE — NO-FAULT — FOREIGN INSURANCE COMPANIES — CERTIFICATION.

A nonresident insurance company which has filed and continues to maintain a certificate of compliance with the Michigan no-fault act even if it no longer issues automobile insurance policies in Michigan remains liable for no-fault benefits for injuries sustained in an automobile accident in Michigan by its nonresident insured (MCL 500.3163; MSA 24.13136).

*Dilley, Dewey & Damon, P.C.* (by *Jonathan S. Damon*), for plaintiff.

*Bremer, Wade, Nelson, Mabbitt & Lohr* (by *Judith K. Simonson*), for defendant.

Before: BRENNAN, P.J., and MICHAEL J. KELLY and CYNAR, JJ.

PER CURIAM. Plaintiff, Safeco Insurance Company, appeals as of right from a January 13, 1989, order of the Kent Circuit Court which granted summary disposition in favor of defendant, Economy Fire & Casualty Company, pursuant to MCR 2.116(C)(8), finding that defendant was not obligated to pay Michigan no-fault insurance benefits in this case. We reverse.

Plaintiff brought this action to obtain reimbursement for personal injury protection benefits paid by plaintiff allegedly on behalf of defendant to Mary Baker, a named policyholder of motor vehicle insurance issued in Indiana by defendant, for injuries she received in a motor vehicle accident which occurred in Michigan on June 7, 1987. At

the time of the accident, Mary Baker was an occupant of a motor vehicle owned by her son, Maxwell Baker. Both Maxwell Baker and his vehicle were insured under a policy of motor vehicle insurance issued by plaintiff in Indiana. Plaintiff's complaint also sought a declaratory judgment holding defendant responsible for payment of any future benefits to Mary Baker arising out of the accident.

Both plaintiff and defendant currently transact some insurance business within the State of Michigan and the County of Kent. At the time of the accident, both plaintiff and defendant had on file with the State of Michigan a written certification in accordance with § 3163 of the Michigan no-fault insurance act, MCL 500.3163; MSA 24.13163. Defendant had filed its certification on August 31, 1973, as required under subsection (1) of § 3163 for a foreign insurance corporation authorized to write auto insurance liability policies in Michigan. Defendant voluntarily withdrew its authorization to write auto insurance in 1983, but never withdrew its certification on file with the state. After 1983, defendant continued to be authorized in Michigan to transact some insurance business, but not automobile liability insurance and workers' compensation insurance.

Plaintiff alleges that under MCL 500.3114(1); MSA 24.13114(1) defendant was first in priority to make payments of benefits to Mary Baker for her injuries. When defendant refused to make these payments, plaintiff made the payments and subsequently initiated the present action.

Defendant argues, and the court below agreed, that when defendant unilaterally and voluntarily withdrew its authorization to write auto insurance in Michigan in 1983 its certification, filed as required by subsection (1) of § 3163 of the no-fault

act, automatically terminated at the same time. We disagree.

MCL 500.3163; MSA 24.13163 provides in full:

(1) An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, shall be subject to the personal and property protection insurance system set forth in this act.

(2) A nonadmitted insurer may voluntarily file the certification described in subsection (1).

(3) When a certification filed under subsections (1) or (2) applies to accidental bodily injury or property damage, the insurer and its insureds with respect to that injury or damage have the rights and immunities under this act for personal and property protection insureds , and claimants have the rights and benefits of personal and property protection insurance claimants, including the right to receive benefits from the electing insurer as if it were an insurer of personal and property insurance applicable to the accidental bodily injury or property damage.

As often repeated by our Court:

When determining legislative intent, statutory language should be given a reasonable construction considering the statute's purpose and the object sought to be accomplished. An act must be read in its entirety and the meaning given to one section arrived at after due consideration of other sections so as to produce, if possible, a harmonious and consistent enactment as a whole. Statutes are to be construed so as to avoid absurd or unreasonable consequences. [*Joy Management Co v Detroit,*

176 Mich App 722, 731; 440 NW2d 654 (1989), lv den 433 Mich 860 (1989).]

In *Transport Ins Co v Home Ins Co,* 134 Mich App 645, 651; 352 NW2d 701 (1984), a panel of our Court determined that the only conditions for an insurer's liability under § 3163 are:

(1) certification of the carrier in Michigan, (2) existence of an automobile liability policy between the nonresident and the certified carrier, and (3) a sufficient causal relationship between the nonresident's injuries and his or her ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle.

The form and substance of a § 3163 certificate is the same regardless of whether its filing was originally mandated under subsection (1) or was voluntarily filed pursuant to subsection (2). Further § 3163 makes no reference to or provision for automatic termination of certification in the event authorization to write auto insurance in Michigan is withdrawn. In fact, there is no such provision contained within the no-fault act as a whole, nor should such a provision be impliedly inserted into the act by this Court.

As noted by our Court in *Kriko v Allstate Ins Co of Canada,* 137 Mich App 528, 532; 357 NW2d 882 (1984), there are at least two benefits that an out-of-state insurance company receives by filing and maintaining on file a § 3163 certificate even though it does not write any motor vehicle insurance policies in this state:

Defendant, who was not licensed to do business in Michigan, filed its certification pursuant to MCL 500.3163(2). Defendant was therefore clearly aware that its insureds might be travelling in the State

of Michigan and involved in accidents therein; it would appear that *defendant sought to make its insurance policies more attractive to potential customers who might be regular travellers in the State of Michigan and/or sought to avail itself of the potential benefits provided by Michigan's no-fault system by filing its certification.* [Emphasis added.]

Besides making its auto policies more marketable, the *Kriko* Court noted and the express language of subsection (3) of § 3163 provides that an out-of-state insurer also benefits from "the rights and immunities" under the no-fault act, including the limitations on tort liability provided under MCL 500.3135; MSA 24.13135. Thus, we see no reason to conclude that the Legislature intended an out-of-state insurer, such as defendant here, to have the unilateral option to either rely on or render void its properly filed and maintained no-fault certification depending on whether in a particular situation the provisions of the no-fault act work to its benefit or subject it to liability.

Defendant also contends in its reply brief on appeal that MCL 500.3113(c); MSA 24.13113(c) excludes coverage for Mary Baker, and that, in any event, the one-year-back rule of MCL 500.3145(1); MSA 24.13145(1) precludes plaintiff's recovery for benefits paid prior to August 18, 1987. However, defendant's issue regarding § 3113(c) was never raised before the trial court, and, therefore, is not preserved for appellate review. *Attorney General v Blue Cross & Blue Shield of Michigan,* 168 Mich App 372, 383; 424 NW2d 54 (1988), lv den 432 Mich 887 (1989). Further, although it was raised below, defendant's issue with respect to § 3145(1) was not addressed by the trial court. Our review is limited to issues actually decided by the lower court. *Michigan Mutual Ins Co v American*

*Community Mutual Ins Co,* 165 Mich App 269, 277; 418 NW2d 455 (1987), lv den 430 Mich 884 (1988), reconsideration den 431 Mich 903 (1988). Moreover, we note that neither issue has been raised by way of cross appeal, and for that reason as well, they are not properly before this Court. *Michigan Ass'n of Administrative Law Judges v Personnel Director of the State of Michigan,* 156 Mich App 388, 395; 402 NW2d 19 (1986).

Reversed. We do not retain jurisdiction.