GOLDSTEIN v PROGRESSIVE CASUALTY INSURANCE COMPANY

Docket No. 175458. Submitted March 12, 1996, at Detroit. Decided August 2, 1996, at 9:00 A.M.

Jason Goldstein brought an action in the Wayne Circuit Court against Progressive Casualty Insurance Company and United Services Automobile Association Insurance Company (USAA), seeking a declaration regarding which of the insurers was liable to the plaintiff for first-party no-fault personal protection insurance benefits. The plaintiff, who was not a Michigan resident, had sustained injury in Michigan while a passenger in an automobile insured by USAA. At the time of the accident, the plaintiff's father carried liability insurance, including automobile liability insurance, through Progressive. USAA and Progressive both maintained written certification pursuant to MCL 500.3163; MSA 24.13163 that any accidental bodily injury or property damage occurring in Michigan arising from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability policies shall be subject to the personal and property protection system set forth in the Michigan no-fault act. The court, J. Phillip Jourdan, J., granted summary disposition for the plaintiff and USAA, determining that Progressive was liable for the plaintiff's personal protection insurance benefits because, at the time of the accident, the plaintiff was covered by the Progressive policy and was domiciled at his parent's house. Progressive appealed.

The Court of Appeals held:

1. An insurer becomes liable under § 3163 when it is certified in Michigan, there exists an automobile liability policy between the nonresident and the certified carrier, and there is a sufficient causal relationship between the nonresident's injuries and the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. The first of these conditions was not disputed in this case. The plaintiff was insured under the Progressive policy as a whole, notwithstanding Progressive's contention that the plaintiff was not covered in the tort liability portion of the policy, and the plaintiff's act of riding in the automobile as a passenger for transportation purposes constituted use of the automobile.

2. The trial court did not err in determining that the plaintiff was domiciled at his parents' house, given the circumstances of the plaintiff's residence and dependence on his parents.

Affirmed.

1. INSURANCE — NO-FAULT — NONRESIDENT INSUREDS.

An automobile insurer of an out-of-state resident is subject to the personal and property protection insurance system set forth in the no-fault act with respect to accidental bodily injury or property damage sustained in Michigan by the nonresident insured when the insurer is certified in Michigan, there exists an automobile liability policy between the nonresident and the certified carrier, and there is a sufficient causal relationship between the nonresident's injuries and the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle (MCL 500.3163; MSA 24.13163).

2. DOMICILE — INSURANCE.

Factors considered in determining whether a person is domiciled in the same household as an insured include: the subjective or declared intent of the person to remain in the place contended to be the domicile; the formality of the relationship between the person and the members of the household; whether the place where the person lives is the same house, within the curtilage, or upon the same premises; and the existence of another place of lodging by the person alleging residence.

3. DOMICILE — INSURANCE — CHILDREN.

Factors considered when determining whether a child of an insured is domiciled at the insured's house include whether the child continues to use the parent's home as the child's mailing address, whether the child maintains some possessions with the parent, whether the child uses the parent's address on the child's driver's license or other documents, whether a room is maintained for the child at the parent's home, and whether the child is dependent upon the parent for support.

*Schreier & Weiss, P.C.* (by *Sherwin Schreier*), for Jason Goldstein.

*O'Leary, O'Leary, Jacobs, Mattson, Perry & Mason, P.C.* (by *John P. Jacobs*), for Progressive Casualty Insurance Company.

*Edward A. Batchelor* and (*Gross, Nemeth & Silverman, P.L.C.* by *James G. Gross,* of Counsel), for USAA Insurance Company.

Before: JANSEN, P.J., and HOEKSTRA and D. L. MORRIS,[*] JJ.

PER CURIAM. Defendant Progressive Casualty Insurance Company appeals as of right orders of the Wayne Circuit Court granting plaintiff Jason Goldstein's and defendant United Services Automobile Association Insurance Company's (USAA) motions for summary disposition. We affirm.

Plaintiff, a college student from another state, was injured when the car in which he was a passenger was involved in a head-on collision on I-94 in Detroit. The vehicle in which plaintiff was riding was registered in New Jersey and insured by defendant USAA. Plaintiff also claimed coverage under a liability insurance policy issued by defendant Progressive to his father, who resided in Maryland. Plaintiff had also resided in Maryland in his parents' home before attending college in St. Louis, Missouri.

Pursuant to MCL 500.3163; MSA 24.13163, both insurers had filed a certification with the State of Michigan subjecting them to Michigan's no-fault insurance act if any insureds were involved in accidents in this state. Plaintiff filed applications to receive personal injury protection (PIP) benefits under the no-fault act with both insurers and was rejected by both. Progressive claimed that plaintiff was not covered under his father's policy, and USAA claimed that Progressive was the party responsible for coverage.

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff then filed this declaratory judgment action against both Progressive and USAA in order to determine liability for first-party no-fault benefits. Both plaintiff and USAA filed motions for summary disposition pursuant to MCR 2.116(C)(10). After finding that, as a matter of law, plaintiff was covered by the Progressive policy at the time of the accident and was domiciled at his parents' home, the trial court determined that plaintiff and USAA were entitled to summary disposition and that Progressive was responsible for paying plaintiff's PIP benefits.

I

Progressive first argues that the trial court erred in granting plaintiff's and USAA's motions for summary disposition and finding that Progressive could be liable for plaintiff's no-fault benefits under MCL 500.3163; MSA 24.13163.[1] Section 3163 provides, in pertinent part:

> (1) An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, shall be subject to the personal and property protection insurance system set forth in this act.

---

[1] USAA concedes that if Progressive is not subject to liability under the terms of § 3163, then it would be liable for plaintiff's no-fault coverage. However, if Progressive as well as USAA are covered by § 3163, then the priority provisions of MCL 500.3114; MSA 24.13114 mandate that Progressive be responsible for plaintiff's coverage if plaintiff is domiciled with his parents. Accordingly, Progressive challenges both the applicability of § 3163 and plaintiff's domicile, which will be discussed in issue II.

An insurer becomes liable under § 3163 when (1) it is certified in Michigan, (2) there exists an automobile liability policy between the nonresident and the certified carrier, and (3) there is a sufficient causal relationship between the nonresident's injuries and the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. *Transport Ins Co v Home Ins Co*, 134 Mich App 645, 651; 352 NW2d 701 (1984). Here, Progressive challenges only the second and third conditions.

With regard to the second condition, Progressive argues that plaintiff was not a covered insured under the policy issued by Progressive to plaintiff's father and no other policy between plaintiff and Progressive existed. Specifically, Progressive argues that because plaintiff was not covered under the bodily injury liability section of the policy at issue, plaintiff should not be considered to be "insured under its automobile liability insurance polic[y]" and, therefore, Progressive is not liable for no-fault benefits pursuant to § 3163. We disagree. Whether plaintiff is covered under the bodily injury section of the policy, which would provide coverage in situations where the insured incurs legal responsibility to another and is liable as a tortfeasor, is wholly irrelevant in our opinion because that exclusion has no applicability to this case, in which plaintiff is attempting to recover only for personal injuries.[2]

We reject Progressive's attempt to equate the Legislature's use of the term "automobile liability insurance

---

[2] We note that another panel of this Court reached a similar conclusion in *American States Ins Co v USAA Casualty Ins Corp*, unpublished opinion per curiam of the Court of Appeals, issued May 23, 1994 (Docket No. 146539).

policies" in § 3163 to a requirement that an injured party trying to collect PIP benefits be covered under the tort liability portion of a policy that, like the instant policy, includes the injured party as a covered insured under different sections of the policy. Such an interpretation is too narrow and would negate the apparent intent of § 3163, which is to guarantee that insured nonresidents injured in Michigan are protected against economic losses to the same extent as Michigan residents. See *Jones v State Farm Mutual Automobile Ins Co*, 202 Mich App 393, 407; 509 NW2d 829 (1993). Here, plaintiff was covered under other sections of the policy, including a section concerning payment for personal injuries. Looking at the policy as a whole, instead of focusing on the different areas of coverage as Progressive suggests, it is clear that plaintiff was insured under an automobile liability policy issued by Progressive.

Progressive also challenges the third condition by denying that plaintiff was "using" the vehicle at the time of the accident. Progressive argues that plaintiff's mere presence in the vehicle as a passenger cannot constitute "use" of the vehicle sufficient to trigger coverage under § 3163. Again, we disagree. In *Michigan Mutual Ins Co v Dowell*, 204 Mich App 81; 514 NW2d 185 (1994), this Court determined that a reasonable interpretation of the word "use" of an automobile under the no-fault act included riding in a vehicle as a passenger for transportation purposes. Because no one disputes that plaintiff was riding in the vehicle as a passenger for purposes of transportation, we believe that the third condition for imposing liability upon Progressive was also met.

Because all three conditions for subjecting Progressive to liability under § 3163 were met, we believe that the trial court correctly concluded that no genuine issue of material fact existed. Summary disposition with regard to this issue was properly granted.

II

Progressive next argues that the trial court erred in determining that no genuine issue of material fact existed regarding whether plaintiff was domiciled in the same household as his parents. While Progressive is correct in asserting that if plaintiff were not domiciled in the same household as his parents, USAA would be responsible for paying plaintiff's no-fault benefits pursuant to the priority established by MCL 500.3114; MSA 24.13114, the facts do not support such a finding. Accordingly, the trial court did not err in finding that plaintiff was domiciled in his parents' home for the purpose of determining priority.

The determination of domicile is a question of fact to be resolved by the trial court, and this Court will not reverse the trial court's determination unless the evidence clearly preponderates in the opposite direction. *Bronson Methodist Hosp v Forshee*, 198 Mich App 617, 631; 499 NW2d 423 (1993). The relevant factors to be considered in determining whether a person is domiciled in the same household as the insured include: (1) the subjective or declared intent of the person to remain in the place contended to be the domicile; (2) the formality of the relationship between the person and the members of the household; (3) whether the place where the person lives is the same house, within the same curtilage, or upon the same premises; and (4) the existence of another

place of lodging by the person alleging residence. *Workman v DAIIE*, 404 Mich 477, 496-497; 274 NW2d 373 (1979). When considering whether a child is domiciled with the child's parents, other relevant indicia of domicile include: (1) whether the child continues to use the parents' home as the child's mailing address; (2) whether the child maintains some possessions with the parents; (3) whether the child uses the parents' address on the child's driver's license or other documents; (4) whether a room is maintained for the child at the parents' home, and (5) whether the child is dependent upon the parents for support. *Dairlyand Ins Co v Auto-Owners Ins Co*, 123 Mich App 675, 682; 333 NW2d 322 (1983).

Here, the evidence indicated that plaintiff kept the majority of his personal possessions at his parents' home in Maryland, used his parents' address on his Maryland driver's license, had his own bedroom at his parents' home, which remained empty in his absence, and returned to Maryland during holiday breaks and between school years. The evidence further established that plaintiff was financially dependent upon his parents, who were paying for his college education, and that plaintiff's father claimed him as a dependent on his tax returns.

Given the above evidence, we cannot say that the evidence clearly preponderates in the opposite direction. Consequently, we find no error in the trial court's determination that plaintiff was domiciled with his parents at the time of the accident. Summary disposition was properly granted on this issue as well.

Affirmed.