**Marvin C. SMITH, Plaintiff,**

v.

**CONTINENTAL WESTERN INSURANCE COMPANY, a foreign corporation, Guaranty National Insurance Company, a foreign corporation, and St. Paul Fire & Marine Insurance Company, a foreign corporation, Defendants.**

No. 00–73810.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 31, 2001.

Steven Z. Garris, Ann Arbor, MI, for Plaintiff.

Mark E. Miller, DeNardis, McCandless, Detroit, MI, for Continental Nat'l Ins. Co.

John C. Stevenson, Garrett & Maksym, Detroit, MI, T. Joseph Seward, Cummings & McClorey, Livonia, MI, for Guaranty Nat'l Ins. Co.

Mary C. Retz, Plunkett & Cooney, Detroit, MI, for St. Paul Fire and Marine.

## OPINION & ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF ALL DEFENDANTS

ROBERTS, District Judge.

### I. *Introduction*

This automobile insurance matter is before the Court on Defendants' separate Motions for Summary Judgment. Marvin Smith (Plaintiff) owned a tractor which was registered in the State of Indiana. He was injured in a motor vehicle accident in Michigan. Plaintiff sought personal protection insurance (PIP) benefit payments under the Michigan No–Fault Insurance Act. Defendants, however, refuse to pay Plaintiff PIP benefits.

Defendants are carriers for (1) a company with whom Plaintiff had a long-term lease to haul; (2) the short-term lessor for whom Plaintiff hauled on the day of the accident; and (3) the company which insured Plaintiff's tractor without an attached trailer. They each argue that they are not responsible for paying Plaintiff PIP benefits. The Court agrees. For the reasons stated below, Continental's [Docs. # 47–1, 49–1], Guaranty's [Doc. # 44–1], and St. Paul's [Doc. # 48–1, 58–1] Motions for Summary Judgment are GRANTED.

### II. *Background*

Plaintiff, a tractor owner, entered into a long-term lease to haul cargo for Alco Transportation Co. (Alco), an interstate for-hire motor carrier. Defendant St. Paul Fire and Marine Insurance Co. (St.Paul) insured Alco. The Alco lease required Plaintiff to purchase "bobtail" and "deadhead" insurance coverage for his tractor. Bobtailing "in trucking parlance is the operation of a tractor without an attached trailer." *Prestige Casualty Co. v. Mich. Mut. Ins. Co.*, 99 F.3d 1340, 1343 (6th Cir.1996)(citing *Reeves v. B & P Motor Lines, Inc.*, 82 N.C.App. 562, 565, 346 S.E.2d 673, 675 (1986)). Deadheading is "the operation of a tractor-trailer or a truck where the trailer or truck is empty and contains no cargo; a vehicle without a load." *Id.* at 1343, n. 3.

Plaintiff purchased a bobtail insurance policy from Defendant Guaranty National Insurance Co. (Guaranty). Plaintiff's deposition demonstrated that he was familiar with both the terms bobtailing and deadheading. Guaranty's policy contained the following bobtail exclusions:

This insurance does not apply to:

a. A covered "auto" while used to carry property in any business.

b. A covered "auto" while used in the business of anyone to whom the "auto" is rented.

Guaranty's Br. at Exh. 3.

Royal Globe Insurance Co. (Royal) insured Plaintiff's two personal motor vehicles. Royal, however, is *not* a party to this case.

Although Plaintiff hauled cargo for Alco under the long-term lease, he periodically entered into "trip-leases" with other motor carriers for one-time only deliveries. Plaintiff entered into a trip-lease with Steel Transport, Inc. (Steel Transport) on March 20, 2000. Steel Transport was insured by Defendant Continental Western Insurance Co. (Continental). Plaintiff contracted to haul steel from Gary, Indiana, to Dearborn, Michigan. Under the terms of the trip lease, Plaintiff agreed "[t]o maintain adequate fire, theft, and collision insurance covering the equipment, and to relieve [Steel Transport] of all liability for all damage to equipment." Guaranty's Br. at Exh. 4.

While hauling for Steel Transport under the trip-lease, Plaintiff was injured in a motor vehicle accident near Jackson, Michigan, on March 21, 2000. He filed suit against the other driver and the other driver's employer. That case settled.

Plaintiff sued Defendants to recover PIP benefits under the Michigan no-fault act, M.C.L. § 500.3101, *et seq.*, in state court. The case was removed to this Court on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a)(1).[1] It is undisputed that Defendants and Royal have filed Certificates of Compliance with the State of Michigan. They are, therefore, authorized to issue automobile liability insurance policies in Michigan. For this privilege, they are subjected to the personal and property PIP system set forth by Michigan law. None of the Defendants has paid Plaintiff no-fault benefits.

### III. *Standard of Review*

Defendants' Motions for Summary Judgment should be granted if the discovery record "show[s] that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" and makes summary judgment inappropriate if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law" on the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). The Court must view the evidence in the light most favorable to Plaintiff and draw all reasonable inferences in his favor. *Cox v. Ky. Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir.1995).

Defendants bear the initial burden of showing that there is no genuine issue of material fact. *Snyder v. Ag Trucking, Inc.*, 57 F.3d 484, 488 (6th Cir.1995). In order to meet this burden, Defendants may rely on any of the evidentiary sources prescribed in Rule 56(c). *Cox*, 53 F.3d at 149. If Defendants meet this burden, then the burden shifts to Plaintiff to produce evidence of a genuine issue of material fact. Rule 56(c); *see also Cox*, 53 F.3d at 150. Plaintiff, as the nonmoving party, cannot rest on his pleadings, but is required to present significant probative evidence in support of his complaint. *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir.1995). The existence of nugatory evidence in support of Plaintiff is not sufficient; there must be evidence upon which a jury could reasonably find for him. *Snyder*, 57 F.3d at 488.

### IV. *Applicable Law and Analysis*

### A. The No–Fault Act is Applicable

The Michigan no-fault statute states, in relevant part, that "[t]he owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance." M.C.L. § 500.3101(1). Here, Plaintiff, as an Indiana resident, did not purchase Michigan no-fault insurance. The Court, therefore, must consider (1) whether the Michigan no-fault act is applicable; and (2) if filing an insurer's Certificate of Compliance, pursuant to § 3163, as these Defendants did, automatically converts an automobile insurance policy into a no-fault policy for purposes of the no-fault act. Several Michigan state court decisions are instructive on these issues.

In *Goldstein v. Progressive Casualty Ins. Co.*, 218 Mich.App. 105, 107, 553 N.W.2d 353, 354 (1996), *lv. denied*, 455 Mich. 869, 568 N.W.2d 82 (1997), plaintiff was a Maryland college student who was injured as an automobile passenger in Michigan. The car was registered in New Jersey and insured by defendant-insurers. *Id.* at 107, 553 N.W.2d at 354–355. The

---

**1.** Continental, Guaranty, St. Paul, and Royal are not Indiana corporations. Plaintiff, however, is an Indiana resident.

*Goldstein* court held that out-of-state vehicles are not required to be registered in Michigan if their insurance carrier "filed a certification with the State of Michigan subjecting [itself] to Michigan's no-fault insurance . . . ." *Id.* at 108, 553 N.W.2d at 355; *see also Transport Ins. Co. v. Home Ins. Co.*, 134 Mich.App. 645, 651, 352 N.W.2d 701, 704 (1984). In *Covington v. Interstate Sys.*, 88 Mich.App. 492, 277 N.W.2d 4 (1979), the plaintiff was injured in a Michigan motor vehicle accident, but the vehicle he was driving was not registered or licensed in Michigan. The court held that according to the plain terms of § 3101(1), "only those vehicles required to be registered in [Michigan] are subject to the requirements of the no-fault act." *Id.* at 494, 277 N.W.2d at 5. As such, the vehicle at issue was not covered by § 3101(1) of the no-fault act. *Id.*

▉ Defendants, specifically Continental, ask the Court to follow *Covington* because it is undisputed that Plaintiff's vehicle was not registered in Michigan. Defendants contend that this would prohibit Plaintiff from recovering, as a matter of law, under the no-fault act. In resolving the contrary conclusions reached by *Goldstein* and *Transport* on one hand, and *Covington* on the other, the Court must construe the no-fault statute "according to the plain and ordinary meaning of its words." *Transport*, 134 Mich.App. at 651, 352 N.W.2d at 704. Furthermore, when an insurance law is at issue, courts must apply a "liberal construction in favor of the public and the policyholders." *Id.; see also Mich. Life Ins. Co. v. Commr. of Ins.*, 120 Mich.App. 552, 558, 328 N.W.2d 82, 85 (1982). The Court will look first to the other sections of the statute at issue and then the case law to answer the two questions posited.

▉ Section 3105(1) of the no-fault act addresses PIP benefits. It states that "under [PIP] an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." A plain reading of § 3105(1) does not suggest that registration in Michigan is a necessary requirement to obtain PIP benefits. Furthermore, the relevant part of § 3113 states:

[a] person is not entitled to be paid [PIP] benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

. . .

(c) the person was not a resident of this state, was an occupant of a motor vehicle . . . not registered in this state, *and* was not insured by an insurer which has filed certification in compliance with section 3163.

(Emphasis added.) The last requirement of § 3113(c) is proceeded by the word "and." The word "and," in accord with its plain and ordinary meaning, infers that if one of the factors is not met, then an injured person has a claim under the no-fault statute.

It is undisputed that Plaintiff is not a resident of Michigan, thereby satisfying the first factor. It is also undisputed that Plaintiff was an occupant of a motor vehicle not registered in Michigan at the time of the accident. The second factor is, therefore, met. Finally, it is undisputed that Defendants *and* Royal have filed § 3163 certification in Michigan. Since certification negates factor three, it is not met and Plaintiff, therefore, is not prohibited from recovering under the no-fault act.

Plaintiff also contends that § 3163 certification "converts" a bobtail policy into a PIP policy which makes its case against Guaranty all the more compelling. Section 3163, in relevant part, states:

(1) An insurer authorized to transact automobile liability insurance and per-

sonal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability policies, shall be subject to the personal and property protection insurance system set forth in this act.

. . .

(3) When a certification filed under subsections (1) or (2) applies to accidental bodily injury or property damage, the insurer and its insureds with respect to that injury or damage have the rights and immunities under this act for personal and property protection insureds, and claimants have the rights and benefits of personal and property protection insurance claimants, including the right to receive benefits from the electing insurer as if it were an insurer of personal and property protection insurance applicable to the accidental bodily injury or damage.

In *Transport*, defendant-insurer was certified to sell no-fault insurance in Michigan and insured the plaintiff. 134 Mich. App. at 650–651, 352 N.W.2d at 704. Defendant-insurer argued that the bobtail policy excluded coverage when the insured was involved in an accident in the course of business. *Id.* at 650, 352 N.W.2d at 703–704. Defendant-insurer asked the court to "construe § 3163 as . . . requiring that the motor vehicle . . . be covered under the terms of the foreign policy." *Id.* The court summarily rejected this argument. The *Transport* court's

> reading of § 3163 according to the plain meaning of the words [did] not persuade [it] that the motor vehicle owned, operated, maintained or used by the nonresident must also be one that is covered under the terms of the foreign policy. In [the court's] view, the only conditions of carrier liability imposed under § 3163 are (1) certification of the carrier in Michigan, (2) existence of an automobile liability policy between the non-resident and the certified carrier, and (3) a sufficient causal relationship between the nonresident's injuries and his or her ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.

*Id.* at 651, 352 N.W.2d at 704; *see also Safeco Ins. Co. v. Economy Fire & Casualty Co.*, 182 Mich.App. 552, 556, 452 N.W.2d 874, 876 (1990). The *Transport* court continued:

> It is noteworthy that [§ 3163] declares that entitlement to benefits depends, in part, upon "use of a motor vehicle as a motor vehicle." There is no language qualifying the right to benefits or that insurer's duty to pay them with a requirement that such motor vehicle be a "registered," "insured," or "covered" motor vehicle as indeed might easily have been done had the Legislature so intended. The requirement is merely that the vehicle involved be a "motor vehicle" used, maintained, operated or owned as "as a motor vehicle."

*Id.* at 652, 352 N.W.2d at 704 (quoting *Lee v. Det. Auto. Inter–Ins. Exch.*, 412 Mich. 505, 512, 315 N.W.2d 413, 416 (1982)). *Transport* ultimately concluded that the three requirements it set forth were met and defendant-insurer was required to pay no-fault benefits.

After construing the statute as a whole, and in light of *Goldstein* and the factors set forth in *Transport*, the Court finds that the no-fault statute applies. It is not necessary for a motor vehicle to be registered in the State of Michigan in order for an injured, non-resident person to recover PIP benefits. Nor does it matter whether

or not the policy was specifically purchased as no-fault insurance. So long as the carrier filed a § 3163 certificate, a policy existed between the carrier and the non-resident and there is a causal connection between the injuries and the operation of the motor vehicle, there is the benefit of no-fault coverage. Those conditions exist here, for all of the Defendants (and Royal). The Defendants, therefore, are not entitled to summary judgment on this issue.

## B. However, Priority Defeats Plaintiff's Cause of Action

Because all of the Defendant's policies are converted into no-fault policies for purposes of the no-fault act, it is necessary to determine which, if any, is responsible for paying Plaintiff's PIP benefits. Their responsibility must be considered in light of Royal's potential responsibility, even though Royal is not a party, inasmuch as its Certificate of Compliance subjects it to no-fault liability as well.

■■■■ Michigan's no-fault act contains "entitlement provisions" that confer upon a plaintiff the right to claim PIP benefits from a specific insurer.[2] *Belcher v. Aetna Casualty and Surety Co.*, 409 Mich. 231, 251–252, 293 N.W.2d 594, 604–605 (1980). The insured typically recovers PIP benefits from the person's own insurer. *Id.* at 252–254, 293 N.W.2d at 605–606 (citing § 3114(1) and *Underhill v. Safeco Ins. Co.*, 407 Mich. 175, 191, 284 N.W.2d 463, 470 (1979)).

Section 3114(1), in applicable part, states that "[e]xcept as provided in subsections (2), (3), and (5), a[PIP] policy described in [§ ] 3101(1) applies to accidental bodily injury to the person named in the policy ... if injury arises from a motor vehicle accident."[3] (Footnote omitted.) There is no question that Plaintiff's injuries arose from the motor vehicle accident near Jackson, Michigan, on March 21, 2000. The only question is whether Royal, as Plaintiff's personal insurance carrier, is in first priority to make PIP payments to him. The Court holds that it is, despite the fact that Plaintiff may be entirely precluded from his cause of action because the statute of limitations may have expired.

Plaintiff argues that Royal is not an appropriate defendant because it insured only his personal automobiles, neither of which was involved in the accident in question. Plaintiff's argument must fail.

The Michigan Supreme Court, in considering priority under the no-fault act, stated that

§§ 3114 and 3115, suggest[ ] strongly that the Legislature, in its broader purpose, intended to provide benefits whenever, as a general proposition, an insured is injured in a motor vehicle accident, whether or not a registered or covered motor vehicle is involved; and in its narrow purpose intended that an injured persons's personal insurer stand primarily liable for such benefits wheth-

---

**2.** Priority in a no-fault case is determined under §§ 3114 and 3115; however, only § 3114 is applicable to this case.

**3.** The Court will not consider § 3114(2) (which is related to a person's injuries sustained "while an operator or a passenger of a motor vehicle operated in the business of transporting passengers") or § 3114(5) (which is related to a person suffering injuries "arising from a motor vehicle while an operator or passenger of a motorcycle) because they are not at all related to the instant case."

Furthermore, the Court does not find it necessary to consider § 3114(3) (related to an employee who sustains an injury while an occupant of a motor vehicle owned or registered by the employer) because the Plaintiff stipulated at oral argument, and again in his supplemental brief on the issue of priority, that Plaintiff is *not* an employee of any of the companies insured by Defendants. Pl.'s Supp. Br. p. 4 ("[b]oth Alco and [Plaintiff] consider [Plaintiff] an independent contractor").

er or not its policy covers the motor vehicle involved and even if the involved vehicle is covered by a policy issued by another no-fault insurer.

Section 3114 provides that ... the insurer of a person injured in a motor vehicle accident is liable for payment of benefits to its insured without qualifying language that a covered motor vehicle be involved in the accident.

...

Moreover, by reason of the first clause of § 3114(4),[4] ... insurers of owners or operators of covered vehicles involved in the accident are not obliged to pay benefits to an injured person who has his own no-fault policy.

*Lee,* 412 Mich. at 515–516, 315 N.W.2d at 417; *see also Universal Underwriters Group v. Allstate Ins. Co.,* 246 Mich.App. 713, 727, 635 N.W.2d 52 (2001)(" 'there is no requirement that there be an insurable interest in a specific automobile since an insurer is liable for [PIP] benefits to its insured regardless of whether the vehicle is named in the accident' ")(citing *Madar* ); *Morris v. Allstate Ins. Co.,* 230 Mich.App. 361, 370 n. 3, 584 N.W.2d 340, 345 n. 3 (1998); *Turner v. Auto Club Ins. Assoc.,* 448 Mich. 22, 43, 528 N.W.2d 681, 691 (1995)(the court followed the general principle established in *Lee* that the no-fault act insures persons, not motor vehicles, against losses); *Porter v. Mich. Mut. Liability Co.,* 80 Mich.App. 145, 150, 263 N.W.2d 318, 321 (1977). *Lee* germanely stands for the proposition that the combined effect of §§ 3114(1) and 3114(4) is that "the personal insurer of an injured claimant may stand liable for benefits *despite the fact that it has written no coverage respecting any vehicle involved in the accident* and indeed that no vehicle involved in the accident has any coverage what[so]ever." 412 Mich. at 516, 315 N.W.2d at 417 (emphasis added). Plaintiff's argument that Royal is not an appropriate party because it did not insure the motor vehicle involved in the accident cannot be supported under *Lee* and related cases.

This Court's finding that Royal is first in priority is bolstered by *Belcher.* In that case, neither the injured person, nor his family was insured under a no-fault policy. Section 3114(1) applies only when the injured person, or his family, is covered under a no-fault policy. As such, § 3114(1) did not apply. 409 Mich. at 253, 293 N.W.2d at 605. Instead, § 3114(4) applied. In *Belcher,* which provided that PIP benefits could be "recovered from the owners of the occupied vehicle," the injured person was an occupant of a covered motor vehicle when he suffered his injuries resulting in death. *Id.* at 253, 293 N.W.2d at 606. Here, Plaintiff *had* automobile insurance, coverage through personal automobile insurance, thus distinguishing him from Belcher. As such, the Court finds that Plaintiff cannot recover PIP benefits from Defendants because Royal is in first priority to pay no-fault benefits pursuant to § 3114(1).

■ Plaintiff further contends, however, that Royal is not an appropriate party to pay PIP benefits because "it wrote premiums for a non-commercial policy written for non-commercial use of personal automobiles." Pl.'s Supp. Br. at 8. This argument too, must fail under *Mich. Mut. Ins. Co. v. Citizens Ins. Co. of America,* 183

---

4.  Section 3114(4) states that

    [e]xcept as provided in subsections (1), (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
    (a) The insurer of the owner or registrant of the vehicle occupied.
    (b) The insurer of the operator of the vehicle occupied.

Mich.App. 626, 455 N.W.2d 352 (1990). In *Citizens*, the court determined that business vehicle insurers are not typically the first in priority to pay benefits. *Id.* at 634, 455 N.W.2d at 356. The State Legislature, reasoned the court, created priority for business insurers under subsections (2) and (3) of § 3114. This Court found that subsections (2) and (3) were not applicable to this case.[5] Moreover, a "plain and ordinary" reading of § 3114, *Transport*, 134 Mich.App. at 651, 352 N.W.2d at 704, does not designate differing liability among commercial and non-commercial insurers. In light of *Citizens* and the priority statute, the Court rejects Plaintiff's argument that Royal should not be liable for PIP benefits because it provided only a "non-commercial" policy.

■ Once priority is established, Plaintiff cannot, by his own choosing, decide which insurer is the one responsible for payment of benefits. As the court in *Lee* stated regarding § 3114(4), "insurers of owners or operators of covered vehicles involved in the accident are not obliged to pay benefits to an injured person who has his own no-fault policy." 412 Mich. at 515–516, 315 N.W.2d at 417.

Plaintiff cannot, as a matter of law, recover against Defendants named in this action, inasmuch as he has his own no-fault policy. Based on the foregoing, the Court need not consider the remaining issues and arguments of the parties.

### V. Conclusion

While the no-fault act is applicable, Plaintiff's claim must fail because the priority statute prevents him from recovering PIP benefits from Defendants. As a result, Continental's [Docs. # 47–1, 49–1], Guaranty's [Doc. # 44–1], and St. Paul's [Doc. # 48–1, 58–1] Motions for Summary Judgment are hereby **GRANTED.**

**IT IS SO ORDERED.**

5. *See* n. 3, *supra.*

***JUDGMENT***

In accordance with the Order entered on OCT 31 2001, **IT IS ORDERED** that judgment is entered in favor of Defendants.